The bond executed by the defendants had a condition by which it was to be discharged, if the defendant, Melton, should appear at the next Superior Court of Law, to be held for the county of Buncombe on the first Monday after the fourth Monday of March, A.D. 1853, and not depart the court without leave. The act of 1852, chapter 44, section 2, changed the time of holding said court to the second Monday after the fourth Monday of March, 1853; but contained no provision directing recognizance to be returned, and the parties to appear, at that time. The defendant, Melton, however, did appear at the term then held, and was tried and convicted upon an indictment for petit larceny, but departed the court without leave; and upon being called to receive judgment, failed to answer. Was his bond forfeited by such failure? We think not, and that his Honor, therefore, properly refused to permit the solicitor for the State to have a judgment entered against him and his sureties, as for a forfeiture of his bond. The case of Winslow v. Anderson, 20 N.C. 1, is a direct authority to show that an obligation entered into by a party, stipulating for his appearance at the term of a court to be held on one week, is not broken by a failure to appear at a term held on a different week, though the wrong time was inserted by mistake. The obligors, when called at a time when they had not stipulated to appear, might well say, non venimus in hoc foedus. Whether the case would have been different, had the act of 1852, above referred to, contained a clause making all recognizances returnable to *Page 393 
the term as changed, and requiring the parties to appear at such term, it is unnecessary for us to decide. As it is, there is no error in the order from which the appeal was taken, and it must be affirmed. The case of the State against Jesse Melton et al., is similar in all respects to the above, and the order therein appealed must also be affirmed.
PER CURIAM. Judgment accordingly.
Cited: S. v. Houston, 74 N.C. 176.
(428)